IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
AUG 29 2005
JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| JAMES D. LUEDTKE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00486 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| B.A. BLEDSOE, et al., ) | By: Glen E. Conrad |
| ) | United States District Judge |
| Defendants. ) | |

James D. Luedtke, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Luedtke seeks equitable relief for a number of alleged constitutional violations stemming from his placement in segregation on July 11, 2005. Based on the nature of Luedtke's claims, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, the court concludes that Luedtke has failed to state a claim upon which relief may be granted. Therefore, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Luedtke is currently incarcerated at the United States Penitentiary in Lee County, Virginia. He alleges that on July 11, 2005, two prison officials attempted to force him into "a little cage with 50 black prisoners." Luedtke further alleges that when he refused to enter the cage, the prison officials retaliated against him by falsely charging him with inciting a riot and

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

threatening a member of the prison staff. Luedtke was subsequently placed in segregation as a result of these charges. Luedtke alleges that upon being placed in segregation, prison officials seized his legal materials. As of July 24, 2005, the date on which the complaint was signed, Luedtke had not received a disciplinary hearing. He also had not received a requested transfer.

Discussion

1. Retaliation Claim

Luedtke first alleges that the defendants falsely accused him of inciting a riot and threatening a member of the prison staff in retaliation for refusing to enter a cage with 50 black prisoners. In the prison context, claims of retaliation are treated with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Each alleged act of retaliation must "violate some constitutional right of an inmate or constitute punishment for the exercise of such a right." Id. at 1318. Since Luedtke's retaliation claim fails to implicate any constitutional right, it is properly subject to dismissal. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

2. Access to Courts Claim

Luedtke alleges that upon being placed in segregation, prison officials illegally seized all of his legal materials in an attempt to stop him from filing legal actions. Luedtke further alleges that prison officials have refused or delayed access to legal forms. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Because Luedtke has

2

not alleged facts demonstrating any specific harm to his litigation efforts, his access to courts claim must be dismissed.

3. <u>Due Process Claims</u>

Luedtke alleges that his placement in segregation without a hearing violated his due process rights. A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. <u>Beverati v. Smith</u>, 120 F.3d 500, 503 (4th Cir. 1997).

In this case, Luedtke contends that his conditions of confinement in segregation impose an atypical and significant hardship. Luedtke emphasizes that the law library for segregation inmates contains old law books and no stapler, and that segregation inmates have no access to religious services. Having reviewed Luedtke's allegations, the court concludes as a matter of law that his conditions of confinement do not implicate a protected liberty interest. <u>See</u> <u>Beverati</u>, 120 F.3d at 504 (holding that conditions of confinement in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Because Luedtke does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections. Accordingly, Luedtke's due process claim related to his placement in segregation must be dismissed.

3

Luedtke also alleges that he has been denied due process by the Bureau of Prisons, because the agency has not acted on his request to transfer to another prison. Since inmates do not have a protected interest in being housed in the facility of their choice, this claim must also be dismissed. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

For the reasons stated, the court concludes that Luedtke has failed to state a claim upon which relief may be granted. Accordingly, this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants, if known.

ENTER: This 26th day of August, 2005.

United States District Judge